## UNITED STATES v. CUSIMANO et al.
### No. 7668.

Circuit Court of Appeals, Seventh Circuit.

Nov. 21, 1941.

Geo. F. Callaghan and Myer H. Gladstone, both of Chicago, Ill., for appellants.

J. Albert Woll, U. S. Atty., and Martin S. Gerber, August H. Hoch, and Joseph H. Collier, all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellants appeal from a judgment convicting them of ten substantive counts and an additional count which charged them with having conspired to commit the acts referred to in the other counts. Five defendants were indicted; two pleaded guilty; the other three were found guilty by a jury of all counts except the sixth, which was withdrawn from their consideration prior to submission of the case to them.

The first seven counts all related to the illegal possession and operation of a distillery on a specified date, September 27, 1939, at a specified place, 2943 West 71st

Street in the city of Chicago. Count 8 charged possession on the same date of a pint of alcohol on which no tax had been paid; counts 9, 10 and 11, charged removal, depositing and concealment on the same date of alcohol on which no tax had been paid. Count 12 charged conspiracy on and from June 15, 1939, to the date of the indictment, February 21, 1940, to commit the offenses set forth in the preceding counts.

The bulk of the evidence relating to appellants' participation in the operation of the illegal distillery and the conspiracy relating thereto had to do with the alleged furnishing of large quantities of sugar by the Cusimano Importing Company, of which appellant Cusimano was president, and appellant Froio, secretary. The Government showed that on a number of occasions from September 1 to September 27, inclusive, Froio was observed by a number of witnesses to load sugar on a truck at the Cusimano premises, following which he drove to a garage located at 614 W. 25th Place or the vicinity thereof, followed by an automobile driven by Giuffre, a defendant who pleaded guilty to the offenses charged in the indictment. On some of these occasions he was observed to drive the truck looking fully loaded, into the garage, emerging a little later as if without a load. On one of these occasions an unidentified man who drove with Froio stayed behind in the garage and a little later assisted Caccitolo, another defendant who pleaded guilty, to drive a second truck into the garage, apparently empty. This truck bore the name of G. E. Berton, also known as Fred Mraz, another defendant in the proceedings, and who was shown to have actually occupied the premises on which the illegal still was located. This second truck was driven out of the garage by Caccitolo the following day, apparently loaded. On another occasion the Berton truck was seen, driven by Caccitolo out of the 25th Place garage, and, forty-five minutes later, into the garage back of the still premises on 71st Street. It was observed pulling into the latter garage on three other occasions. It was also seen on two other occasions being driven by Caccitolo out of the 25th Place garage apparently loaded.

On September 27, 1939, a search warrant was executed on the premises at 71st Street. Along with a still, several thousand gallons of mash, and various other articles connected with the operation of the distillery, there were found in the distillery premises six or eight one-hundred pound bags of White Gold sugar, a brand handled by the Cusimano Company. Nineteen bags of the same brand of sugar were found in the Berton truck which was in the garage in back of the premises. Caccitolo, who pleaded guilty, and Mraz (or Berton) who was found guilty, were apprehended on the premises.

Appellee also introduced the evidence of one of its investigators, B. W. Cohoon, relating to a sale on August 14 of a quantity of alcohol. He stated that on that date, he and one Mac, identified only as a paid informer for the Government, went to the Cusimano place of business where they negotiated with him for the purchase of some strip stamps. The objections of counsel for appellants to this testimony were overruled, whereupon counsel for the Government stated that he had not intended to try that phase of the case, and requested his witness to confine himself to certain conversations then had, eliminating the question of the strip stamps. The witness then testified as to certain arrangements regarding the purchase of five five-gallon cans of alcohol which Cusimano suggested their buying. When Cohoon decided to take five cans, Cusimano directed Froio and later his office girl to "Call Jim." The latter could not be reached at that time, but later in the afternoon he came to the Cusimano place and arranged with Cohoon, in the presence of Cusimano, to meet him that evening out on Halsted and Archer streets to deliver the alcohol. When Cohoon offered to pay Cusimano for it he refused to accept payment, stating that Cohoon was doing business with "Jim," who accepted the $60 offered in payment. "Jim" was later identified as Giuffre who pleaded guilty to the charges. When Cohoon met Giuffre that evening, the latter took Cohoon's car, returning thirteen minutes later with five five-gallon cans of alcohol in the back. There was no evidence as to where the alcohol was picked up. Appellee emphasizes that Froio, Cusimano, and the office girl all seemed to know "Jimmie's" telephone number. We note from one of appellee's exhibits that this was not the number of the telephone on the distillery premises.

In addition to the evidence regarding the alleged delivery of sugar to the distillery via the 25th Place garage, and the arrange-

ment on the Cusimano premises for the sale of alcohol, appellee also introduced evidence relating to the failure of appellants to make proper reports of sales and deliveries of sugar. Section 2811 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 2811, requires a return of materials used in the manufacture of distilled spirits, and by regulations duly promulgated by the Commissioner, distributors selling one hundred pounds of sugar or over must file a report showing the date of such sale, name and address of purchaser, and mode of delivery, including license number of truck making such delivery. Appellee proved notice of this requirement, served on each appellant, and then introduced all reports filed for sugar sales during the period involved, none of which showed deliveries to the 25th Place garage.

Appellee also introduced the testimony of its witness Cohoon who stated that on October 4, he went to the Cusimano place again, and was told that Jimmie's place had been seized and Jimmie was in jail. When he inquired about getting another five cans, Cusimano said he could do nothing for him. He returned October 10, and was questioned by Cusimano about Mac, and rumors that he himself was a G-man, which he denied, whereupon Cusimano stated, "Well, if it was Mac I will have it out with him, and he will get a bullet in his head."

█ Appellants contend that the evidence is not sufficient to sustain the verdict. We think this is true with respect to the defendant Froio. He was a young man who was clerking and driving the delivery wagon for Cusimano. From the evidence he unquestionably delivered a great deal of sugar for Cusimano at 614 West 25th Place. True, he was honored with the name of secretary of the Cusimano Company, but it is conceded that this was done merely for the purpose of filling the organization, and he drew no wage other than his weekly salary which he earned in the store and upon the delivery wagon. No evidence connects him with the sale of alcohol or with the still on 71st Street. Aside from delivering the sugar to the garage at 25th Place, no knowledge is brought to him of the existence of the still, or any of the charges contained in the indictment. True, he was present at Cusimano's when Cohoon and Mac bargained with Cusimano for the purchase of five five-gallon cans of alcohol, but he did not participate in that conversation nor does the evidence show that he even heard it. He merely tried to call Jimmie on the phone, at the request of Cusimano, but he failed to get him. Under United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128, we think there is no material evidence upon which to base the conviction of Froio, and the judgment of the District Court with respect to him is reversed.

█ We are further convinced that, under the Falcone case, there was not sufficient evidence upon which to base a conviction of Cusimano upon any one or more of the substantive counts, and the judgment of the District Court with respect to these counts is reversed. However, the evidence was sufficient to go to the jury with respect to Cusimano on the conspiracy count.

It is quite true that it was not proved that he was ever at this still or near it. However, the evidence was sufficient to warrant the jury in believing that he was selling large amounts of sugar to the operators of the still. This fact alone might not be sufficient under the Falcone case, supra, to sustain a verdict of guilty even though he may have suspected or had knowledge that it was being used for illicit purposes. The evidence we think shows more than mere suspicion or knowledge. It will be remembered that Cusimano first broached the sale of alcohol to Cohoon and Mac, and it was he who quoted the price per can and called the operator of the still to his store in order to complete the sale. From these facts the jury was warranted in concluding that he was guilty of conspiracy as charged. Furthermore, on October 4, when Cohoon went to Cusimano's place of business, it was this defendant who informed Cohoon that Jimmie's place had been seized and that he was in jail. When Cohoon returned on October 10, this defendant was very much agitated and threatened to put a bullet through Mac's head if he ascertained that Mac was a G-man. Such conduct and such expressions are not indicative of such slight relations with the owner or owners of the still by one who merely had a suspicion or even knowledge of the use which was being made of the sugar which he was selling. The circumstances of this case point so strongly to participation in the conspiracy as charged that we cannot say that the

verdict on that count was not based upon sufficient evidence.

The judgment is affirmed with respect to the defendant Cusimano as to the charge of conspiracy.